**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Hassell III, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Michelangelo Leasing, Inc., an Arizona Corporation, doing business as Divine Transportation, an Arizona registered tradename;  Eugene Bronson and Theresa Mauro, husband and wife | |
| Defendants | |

Plaintiff for his Complaint against Defendants, alleges as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay minimum wage in direct violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and the Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq.*

4. Arizona law protects employees from employers seeking to pay less than minimum wage.

5. Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $8.05 per hour.

6. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

7. The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

8. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

9. Defendants had a consistent policy and practice of paying its employees less than the minimum wage.

10. Plaintiff seeks to recover minimum wage, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court have jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

12. The Court also has supplemental jurisdiction over the state law claims.

13. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

14. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona,

as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

15. Plaintiff Richard Hassell III is a resident of Maricopa County, Arizona.

16. At all times material hereto, Michelangelo Leasing, Inc. was incorporated in the state of Arizona with its principal place of business in Maricopa County.

17. Divine Transportation is an Arizona Registered Tradename registered with the Arizona Secretary of State and wholly owned by Michelangelo Leasing, Inc.

18. Upon information and belief, at all times material hereto, Defendant Eugene Bronson, was and continues to be a resident of Maricopa County, Arizona.

19. Theresa Mauro is Eugene Bronson's wife. Eugene Bronson and Theresa Mauro have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

20. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Eugene Bronson and Theresa Mauro were and are the owners of Michelangelo Leasing, Inc.

21. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

22. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

23. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

24. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

25. At all relevant times, Defendant was and continues to be an "employer" as defined in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

26. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

27. Defendant Eugene Bronson is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

28. Defendant Theresa Mauro is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

29. All Defendants are co-equally liable for all matters.

30. Defendant Eugene Bronson made all decisions on the daily activities of his employees.

31. Defendant Eugene Bronson makes all decisions regarding pay policies for Michelangelo Leasing, Inc.

32. Defendant Theresa Mauro made all decisions on the daily activities of his employees.

33. Defendant Theresa Mauro makes all decisions regarding pay policies for Michelangelo Leasing, Inc.

34. Defendant Eugene Bronson exerted financial control over Michelangelo Leasing, Inc.

35. Defendant Eugene Bronson exerted operative control over Michelangelo Leasing, Inc.

36. Defendant Theresa Mauro exerted financial control over Michelangelo Leasing, Inc.

37. Defendant Theresa Mauro exerted operative control over Michelangelo Leasing, Inc.

38. Defendant Eugene Bronson has the power to close Michelangelo Leasing, Inc.

39. Defendant Theresa Mauro has the power to close Michelangelo Leasing, Inc.

40. Defendant Eugene Bronson has the power to hire and fire employees.

41. Defendant Theresa Mauro has the power to hire and fire employees.

42. Defendant Eugene Bronson hired managerial employees.

43. Defendant Theresa Mauro hired managerial employees.

44. On information and belief, Defendant Eugene Bronson maintained employment records.

45. On information and belief, Defendant Theresa Mauro maintained employment records.

46. On information and belief, Defendant Eugene Bronson dictated the corporate message in pending labor investigations.

47. On information and belief, Defendant Theresa Mauro dictated the corporate message in pending labor investigations.

48. Defendant Eugene Bronson profited from the FLSA violations detailed in this complaint.

49. Defendant Theresa Mauro profited from the FLSA violations detailed in this complaint.

50. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

51. As tour bus drivers, Plaintiff consistently traveled in interstate commerce.

52. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

53. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

54. Michelangelo Leasing, Inc. operates Divine Transportation which is a full service luxury motor coach charter service which offers clientele the use of buses for regional tours in the Southwest.

55. Divine Transportation also provides shuttle and charter services.

56. Defendants hired Plaintiff as a bus driver in February 2014.

57. Plaintiff was paid an hourly rate of $15 per hour if he was driving locally.

58. If Plaintiff was driving on tours that were not local, Plaintiff would be paid a daily salary ranging from $50 to $150 per day.

59. Plaintiff was a non-exempt employee.

60. Plaintiff had no supervision or management responsibilities.

61. Plaintiff could neither hire nor fire employees.

62. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

63. Defendants managed, supervised, and directed all aspects of Plaintiff' job duties and responsibilities.

64. Plaintiff's primary duties were not the performance of work directly related to the management or general business operations of Michelangelo Leasing, Inc. or its' customers.

65. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

66. Plaintiff did not perform work requiring advanced knowledge.

67. Plaintiff's primary duties were not managing Defendants' enterprise or managing a department of subdivision of Defendants' enterprise.

68. The wages paid by Defendant failed to meet or exceed the minimum wage required by either the FLSA or by Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq*.

69. Plaintiff has retained the law firm of Phillips Dayes Law Firm to prosecute their claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**<u>MINIMUM WAGE VIOLATION—29 U.S.C. § 206</u>**

70. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

71. Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

72. Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

73. Plaintiffs is entitled to collect the difference between the wages they received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

74. Plaintiff has been required to bring this action to recover their federal minimum wages remaining due and unpaid, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor and against Defendants:

    a. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the award;

      c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

      d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

      e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

      f.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364

75. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

76. Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

77. Defendants willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

78. Plaintiff is entitled to collect the difference between the wages he received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

79. Plaintiff has been required to bring this action to recover their Arizona minimum wages remaining due and unpaid, and their statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor, and against Defendants:

a. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

b. Awarding Plaintiff an additional amount equal to twice the underpaid wages;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**DECLARATORY JUDGMENT**

80. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

81. Plaintiff and Defendants have a minimum wage dispute pending.

82. The Court have jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 and the Uniform Declaratory Judgments Act, A.R.S. § 12-1831.

83. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiff.

   b. Defendants are engaged in an enterprise covered by the wage provisions of A.R.S. § 23-355.

   c. Plaintiff, individually, is covered by the wage provisions of A.R.S. § 23-355.

   d. Plaintiff earned wages for which he was entitled to payment from Defendants.

   e. Defendants failed and refused to provide payment to Plaintiff of the wages due at the time those wages became due.

   f. Defendants have no good-faith basis for their failures and refusals to make the payments of wages to Plaintiff when those wage payments became due.

   g. Plaintiff is entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

   h. Defendants' failure or refusal to pay minimum wages at the required rates was willful.

     i.  Plaintiff is entitled to an additional amount of damages under the Arizona Minimum Wage Act equal to twice the amount of minimum wages not paid by Defendants to Plaintiff.

     j.  Defendants are engaged in an enterprise covered by the minimum wage provisions of the FLSA.

     k.  Plaintiff is individually covered by the minimum wage provisions of the FLSA.

     l.  Plaintiff is entitled to his minimum wage pursuant to 29 U.S.C. § 206.

     m.  Plaintiff is entitled to wages at a rate equal to or exceeding the federal minimum wage rate pursuant to 29 U.S.C. § 206.

     n.  Plaintiff is entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

     o.  Defendants' failure or refusal to pay the minimum wages at the required rates was willful.

     p.  Plaintiff is entitled to an amount as liquidated damages under the FLSA.

     q.  Defendants did not rely on any good faith defense in their failure to abide by the provisions of the FLSA and the Arizona Minimum Wage Act in their failures to pay and minimum wages at the required rates.

84.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

85. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

   a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA and the Arizona wage laws;

   b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA and the Arizona wage laws; and

   c. For such other and further relief as the Court deems just and proper

Dated: June 28, 2016

                Respectfully submitted,

                **PHILLIPS DAYES LAW FIRM PC**

                By: /s/ Trey Dayes
                    Trey Dayes
                    Attorney for Plaintiff